**Joseph W. RICHEY and wife Blanche Richey**

v.

**Jack E. SMITH.**

**No. B–73–CA–249.**

United States District Court, E. D. Texas, Beaumont Division.

June 9, 1977.

J. W. Tyner, Tyner, Bain & Tyner, Tyler, Tex., for plaintiffs.

Martin Teel, Trial Atty., Gen. Litigation Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## ORDER

STEGER, District Judge.

This case involves a suit by Mr. and Mrs. J. W. Richey (hereinafter referred to as Taxpayers), for the return of property and suppression of evidence. The property in question was business records which were seized by special agent Jack Smith of the Internal Revenue Service (hereinafter referred to as IRS), the Defendant in this cause. The Taxpayers allege in their Motion for Return of Property that the records were seized in violation of the Fourth and Fifth Amendments to the Constitution. The Court held a hearing on the question of jurisdiction on November 5, 1973. At this hearing, the Court determined that it did not have jurisdiction to hear this matter. The Court was of the opinion that the motion for return of property was moot because the IRS had stipulated that it would return the records as soon as it had microfilmed them. The Court was further of the opinion that it could not rule on the motion to suppress because: (1) It had no jurisdiction under F.R.Crim.P. 41(e), since no criminal prosecution was pending, and (2) no equitable jurisdiction existed because an adequate remedy at law was available either in the form of a motion to suppress evidence should a criminal prosecution ensue or in the form of a refund suit should the records be made the basis of a civil tax suit. Because it was felt that the Court had no jurisdiction, the case was dismissed by the Court.

On appeal, the Fifth Circuit Court of Appeals, 515 F.2d 1239 held that the Court did have equitable jurisdiction to hear the case, but it was within the District Court's discretion as to whether or not to exercise it. The Fifth Circuit went on to provide the Court with guidelines to consider in determining whether to exercise this jurisdiction. The Court will examine each of these guidelines individually.

*1. Does the Taxpayer have an individual interest in and need for the material whose return he seeks?*

The Fifth Circuit said this factor was significant usually when the property in question is contraband to which the Taxpayer is not legally entitled, or the property consists of items which are of no particular need to a legitimate business, such as wager tickets. The property sought here consists of records of the Taxpayers' business, such as bank statements and ledger books. There is no allegation that any part of the property is contraband or consists of items which are of no value to a legitimate business. At the hearing on this matter, Mr. Richey testified that he understood that his case had been referred to the fraud division for prosecution, and that he was unable to help his attorney with any defense because these business records had been taken from him. Under this set of facts, the Court concludes that the Taxpayer certainly has a legitimate interest in and need for the material whose return he seeks.

*2. Would the Taxpayer be irreparably injured by a denial of the return of his property?*

The Taxpayer would certainly be irreparably injured if his business records were not returned to him. However, the IRS has

stipulated that it would return the records to the Taxpayer after it microfilmed them. The Taxpayer would then have the benefit and use of these records. Of course, if the copies made of the records by the IRS could lead to an indictment, the stigma that can attach to one who is indicted might cause irreparable harm to the Taxpayer. The Court observes, however, that this problem is not present here because the Taxpayers have already been indicted in Criminal Proceeding No. B–77–18–CR, through evidence obtained independently from the Taxpayer's business records. Thus assuming that the IRS fulfills its promise to return the records, the Court fails to see how the Taxpayers could be irreparably injured here.

3. *Whether the Taxpayers have an adequate remedy at law for the redress of their grievance?*

Where there is a pending criminal prosecution, the prime remedy for a violation of one's Fourth Amendment rights is the exclusionary rule. Since the Taxpayers have been indicted, the exclusionary rule does provide them an adequate remedy at law.

4. *Does the motion for return of the property accurately allege that the government agents showed a "callous disregard" for the constitutional rights of the Taxpayer?*

The Fifth Circuit indicated in the opinion written on this case that this consideration was perhaps the most important guideline for the Court to consider in determining whether to exercise its jurisdiction. The Affidavit of Taxpayer Joseph Richey, which is attached to his motion for return of property, alleges that Agent Smith asserted to him that if he did not hand over his books, Agent Smith had the right to, and would, take them by subpoena. Mr. Richey further alleges that Agent Smith failed to tell him that he had the right to remain silent, and that the information gathered from his records might be used against him in a criminal case. These allegations, if true, could amount to a callous disregard for the rights of the Taxpayer. However, a review of the evidence produced at the hearing convinces the Court that these allegations do not in fact accurately reflect what occurred at the time Agent Smith interviewed Mr. Richey. But the testimony of Dr. Robert Gordon, a clinical and forensic psychologist who testified in the case, convinces the Court that Taxpayer Richey did not voluntarily consent to the records in question being taken by Agent Smith. Dr. Gordon testified that on the day when Agent Smith interviewed Mr. Richey, Mr. Richey panicked, became mentally confused, and wanted very much to reduce the stress and tension of that situation. Dr. Gordon further testified that Mr. Richey is "authority bound," and under stress and trauma, he reacts pretty much to what a person tells him to do. Dr. Gordon testified that he had doubts as to whether Mr. Richey, at the interview in question, could focus on any bit of information other than that which would reduce his tension. According to Dr. Gordon, Mr. Richey is a passive person with an inadequate personality, and is less capable than the average person in handling the situation in which he found himself when confronted with Agent Smith.

The Court credits this testimony of Dr. Gordon. Based upon it, the Court determines that the consent of Taxpayer Richey to have his records taken by the IRS was not freely and voluntarily given, but was instead given because of Mr. Richey's unusual, strong motivation to alleviate the stress and trauma under which he found himself because of his particular emotional and psychological makeup. The Court is therefore of the opinion that it should exercise its jurisdiction in the case and order the IRS to return the records in question.

It is therefore ORDERED, ADJUDGED, and DECREED that the Internal Revenue Service shall return to the Taxpayers the records taken on the occasion in question, along with all copies made of these records. It is further ORDERED, ADJUDGED, and DECREED that the Internal Revenue Service is hereby enjoined from using in any proceeding, criminal, civil, or administrative, federal or state, any information or

clues derived from these records while they were being held by agents of the Internal Revenue Service. However, nothing in this injunction shall preclude the United States or its agents from getting these records by appropriate warrant or summons, or using the contents or clues furnished by the documents when produced under a proper warrant or subpoena.